IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Harold Anderson, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Sgt. McCombs; Miss Krines; State of South )<br>Carolina; Paul Wikensimer; Bob Arrial; )<br>Diana D. Cagle; Scotty Bodiford; R. Conlon;)<br>Dana Lews; James Dorriety, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 2:09-3340-TLW-RSC |

## ORDER

The plaintiff, Harold Anderson ("plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on December 29, 2009. (Doc. #1). The plaintiff then filed an amended complaint as well as additional attachments to the amended complaint on January 4, 2010 and January 6, 2010. (Docs. #3, #4). The case was referred to United States Magistrate Judge Robert S. Carr pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(d), DSC.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge to whom this case had previously been assigned. (Doc. #17). In the Report, the Magistrate Judge recommends that the District Court dismiss the complaint in this action without prejudice and without issuance and service of process. (Doc. #17). Following the issuance of the Report, the plaintiff filed a document captioned "Complaint and Arguments of the Plaintiff and Factual Allegations . . ." (Doc. #19). The plaintiff then filed a motion captioned "Motion for a Extension of Time . . ." (Doc. #20). Following the motion, this Court issued an Order on March 19, 2009, noting that the petitioner had until Friday, April 9, 2010

to file objections to the Report. (Doc. #21). On March 29, 2010, the plaintiff filed a document captioned "Petition for Re hearing For a Writ of Habeas Corpus" which this Court has construed as an objection to the Report. (Doc. #23). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
> 
> Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report, the objections, and all documents filed by the petitioner in response to the Report. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #17). For the reasons articulated by the Magistrate Judge, this action is hereby **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Terry L. Wooten<br>
United States District Judge

July 9, 2010
Florence, South Carolina

2